MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
ASHLEY PEARSON (S.B. #281223)
apearson@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Defendants
Warner Bros. Studio Enterprises Inc., Malpaso Productions, Ltd., Warner Bros. Distributing Inc., Warner Bros. Home Entertainment Inc., Warner Communications Inc., TW UK Holdings Inc., Robert Lorenz, Michele Weisler, and Randy Brown

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GOLD GLOVE PRODUCTIONS, LLC, a California Limited Liability Company and RYAN A. BROOKS, an individual,

Plaintiffs,

v.

DON HANDFIELD, an individual, TRESSA DIFIGLIA HANDFIELD, an individual, RANDY BROWN, an individual, MICHELE WEISLER, an individual, CHARLES FERRARO, an individual, JAY COHEN, an individual, ROBERT LORENZ, an individual, UNITED TALENT AGENCY, INC., a California corporation, THE GERSH AGENCY, a California corporation, WARNER BROS. PICTURES INC., a Delaware corporation, MALPASO PRODUCTIONS, LTD., a California corporation, WARNER BROS. DISTRIBUTING INC., a Delaware corporation, WARNER BROS. HOME ENTERTAINMENT INC., a Delaware corporation, WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION INC., a Delaware corporation, TW UK HOLDINGS INC., a Delaware corporation, and DOES 1-10, inclusive

Defendants.

Case No. CV13-07247-DSF (RZx)

**STIPULATION RE: PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**

The Hon. Dale S. Fischer

**WHEREAS**, plaintiffs Ryan Brooks and Gold Glove Productions, LLC, and defendants Warner Bros. Studio Enterprises Inc., Malpaso Productions, Ltd., Warner Bros. Distributing Inc., Warner Bros. Home Entertainment Inc., Warner Communications Inc., TW UK Holdings Inc., Robert Lorenz, Michele Weisler, and Randy Brown (collectively, the "Warner Defendants") contemplate that certain confidential and/or proprietary information may be exchanged between them or produced by third parties during the course of discovery in this litigation;

**WHEREAS**, the parties desire an efficient and practicable means to designate such information as confidential and to retain its confidential status;

**IT IS HEREBY STIPULATED** between the parties, through their respective counsel of record, as follows:

1. Any Party (defined as plaintiffs, the Warner Defendants, or any other party who later appears in this action and becomes bound by the terms of this Protective Order) may designate as "Confidential" any testimony, documents, records, or tangible thing—and any copies, abstracts, excerpts, or analyses thereof—used, served, or produced by a Party (or by any other person or entity), which the designating Party in good faith believes contains, reflects, regards, or discloses any confidential financial, business, personal, or proprietary information. All testimony, documents, records, or tangible things designated as "Confidential" shall be referred to in this Protective Order as "Confidential Information."

2. No Party may disclose or use any Confidential Information in a manner that does not comply with the terms and conditions of this Protective Order.

3. Confidential Information shall not be used for any purpose other than the conduct of this litigation. No one shall be permitted access to Confidential Information except to the extent necessary to assist in the prosecution, defense, settlement, or appeal of this action. Any person who receives Confidential Information pursuant to this Protective Order shall use and maintain such information in a manner that protects and preserves the confidentiality of such information. Notwithstanding the foregoing, any Party may use its own Confidential Information for any purpose whatsoever.

4. Confidential Information shall be disclosed only to "Qualified Persons." As used herein, a Qualified Person is:

(a) Any attorney acting as counsel of record in this action, including staff and supporting personnel of such attorneys (*i.e.*, paralegal, office assistants, secretaries, stenographic or clerical employees or contractors, and outside copying services), to whom it is necessary that the materials be disclosed for purposes of this litigation;

(b) Any attorney employed by either of the Parties, including staff and supporting personnel of such attorneys (*i.e.*, paralegal, office assistants, secretaries, stenographic or clerical employees or contractors, and outside copying services), to whom it is reasonably necessary that the materials be disclosed for purposes of this litigation;

(c) Any Party and its parents, subsidiaries, and affiliates, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this litigation;

(d) With respect to any particular document that has been designated as Confidential Information, the author or addressee of that particular document, as well as any person who prepared, received, or reviewed that document prior to the date this action was filed, or a corporate designee of a party;

(e) Any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying expert (*i.e.*, an accountant, statistician, economist, or industry or technical expert), but only to the extent necessary for that person to perform his or her work on this litigation and only after compliance with Paragraph 5 of this Protective Order;

(f) Any person who is designated to receive Confidential Information by order of this Court or by written stipulation of the Parties; and

(g) The Court, court personnel, and any court reporters used in connection with this litigation.

5. A Qualified Person described in Paragraphs 4(e)-(f) above shall not have access to Confidential Information until he or she has certified in writing (by executing an Acknowledgment in the form attached hereto as Exhibit "A") that he or she has read this Protective Order and agrees to be bound by its terms and conditions. The Party disclosing Confidential Information shall retain a copy of all Acknowledgments signed by any Qualified Person to whom disclosure is made, and shall provide a copy of any such Acknowledgement to any other Party if so ordered by the Court.

6. Confidential Information may be disclosed to other individuals who are not Qualified Persons if, and only if, counsel for the Party that designated the information as Confidential is notified prior to any such disclosure and consents in writing to that disclosure. If such written consent is given, each person to whom Confidential Information is to be disclosed must first sign an Acknowledgment in the form attached hereto as Exhibit "A." Counsel disclosing the Confidential Information shall immediately forward copies of all Acknowledgments signed by any such individuals to all counsel. In the event that counsel for the Party that designated the information as Confidential does not consent in writing to the requested disclosure, the Parties shall make a good faith effort to resolve the matter. If the parties are unable to resolve the matter, any Party may file a duly noticed motion seeking permission from the Court to make the requested disclosure. If the Court then issues an Order granting permission to disclose, the Party seeking the Order may then disclose the Confidential Information.

7. Confidential Information may be shown to a witness in any court proceeding in this matter without any objection by the party who designated it as Confidential on the basis of its confidential nature so long as the party offering the document gives reasonable notice to the designating party, but with the understanding that counsel who has designated the information as Confidential may ask the court to clear the courtroom of nonparties, other than counsel of record and their assistants and any court personnel, prior to the time the Confidential Information is to be shown or discussed in open court, and may ask the Court to admonish the witness that the information must be kept private and not discussed outside of court. Nothing in the foregoing paragraph waives any other objection by the party who has designated such information

Confidential.

8. Parties shall designate Confidential Information as follows:

(a) In the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by labeling each page of any such document prior to production as follows: "CONFIDENTIAL." A Party furnishing documents or things to another Party shall have the option to require that all or selected portions of those documents or things be treated as Confidential Information during inspection, and also to designate particular documents and things as containing Confidential Information at the time copies are made or produced.

(b) In the case of Confidential Information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, tangible things, recordings, photographs, etc.), counsel shall affix the notation "CONFIDENTIAL" to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the item itself and to the Confidential Information contained therein. If a third party produces Discovery Material in this action, each party shall have thirty (30) business days thereafter to designate any such Discovery Material Confidential.

(c) In the case of electronic documents produced in their native format, the producing party shall designate Confidential Information by including the "CONFIDENTIAL" label in the file name; in the folder name, if all files in the folder constitute Confidential Information; or by affixing the label on a physical device or disk containing the production.

(d) In the case of depositions, any counsel may designate all or part of any deposition transcript (including exhibits) which contains Confidential Information, as Confidential Information by making a statement so designating the material on the record during the course of the deposition. In making such a designation, counsel shall attempt to identify and designate in good faith those portions of the transcript

and exhibits which contain Confidential Information, and those portions of the transcript and exhibits so identified shall be separately marked and bound by the court reporter and labeled as containing Confidential Information. In addition, within thirty (30) days after the court reporter notifies all counsel that a completed transcript is available, any counsel may designate all or part of any deposition transcript (and/or exhibits) as containing Confidential Information by serving a notice designating such material on all other Parties. Such notice shall specify the particular portions of the transcript and any exhibits that counsel wishes to designate as containing Confidential Information by listing on a separate sheet of paper the numbers of the pages of the transcript and the particular exhibits containing Confidential Information, so that the sheet may be affixed to the face of the transcript and each copy of the transcript. If no counsel designates any portion of a transcript as confidential on the record during the course of the deposition, or within the thirty (30) day period after counsel receives notice that a completed transcript is available, the transcript shall be considered not to contain any Confidential Information. Portions of a transcript (including exhibits) designated as Confidential Information may only be disclosed in accordance with the terms of this Protective Order.

(e) In the event that counsel for a Party believes it is necessary during the course of a deposition to show Confidential Information to a deponent who is otherwise not permitted access to such Confidential Information under the terms of this Protective Order, counsel may do so only if the deponent is notified of the Protective Order, agrees to keep the Confidential Information confidential, and the Confidential Information is placed in a sealed deposition transcript.

9. A Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time such a designation is made, and a failure to do so shall not preclude a subsequent challenge to that information. In the event that any Party disagrees at any stage of these proceedings with the propriety of any designation of Confidential Information, that

Party shall provide to the Party designating such Confidential Information written notice of its disagreement and shall thereafter make a good faith effort to resolve the dispute. If the dispute cannot be resolved, the Party challenging the propriety of the designation may file a duly noticed motion requesting appropriate relief from the Court

10. In the event of disclosure of any information designated Confidential to any person or entity other than a Qualified Person, the Party that made the disclosure shall, upon learning of it:

a. Immediately notify the person or entity to whom the disclosure was made that he, she or it has received Confidential Information subject to this Protective Order;

b. Immediately make all reasonable efforts to preclude further dissemination or use by the person or entity to whom disclosure was made; and

c. Immediately notify the designating party of the identity of the person(s) or entity to whom disclosure was made, the circumstances of the disclosure, and the steps taken to ensure against further dissemination or use of the information.

11. The inadvertent or unintentional disclosure of Confidential Information without a CONFIDENTIAL designation shall not be deemed a waiver, either in whole or in part of a Party's claim that the specific information disclosed, any related information, any information on the same or a related subject matter is confidential. Upon discovery of an inadvertent or unintentional disclosure of Confidential Information, counsel for the parties should, to the extent possible, cooperate to restore the confidentiality of any Confidential Information that was inadvertently or unintentionally disclosed.

12. Inadvertent failure to designate documents or other information as Confidential Information at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Protective Order. Any such inadvertently or unintentionally disclosed Confidential Information shall be designated as soon as reasonably possible after the furnishing party becomes aware of the inadvertent or unintentional disclosure. Counsel for the furnishing party with assistance of the receiving parties shall thereafter: (a) use reasonable efforts to retrieve all such particular documents, things or

information and all copies thereof from any persons not authorized by this Order to receive such materials; (b) mark the particular documents, things, or information, and all copies thereof, with the appropriate label as set forth above; and (c) treat the document, thing, or information, all copies thereof, and any notes or other documents incorporating such information in accordance with the designation.

13. If any person permitted access to any material designated as Confidential is served with a subpoena or other Court-issued demand for the production of such material, the person served with the subpoena shall provide written notice by e-mail and mail service to counsel for the producing or designating party or third party of the service of the subpoena or other demand, including a complete and legible copy of the subpoena or other demand, as soon as practicable, so that the producing or designating party or third party may take whatever action it deems appropriate to preclude or limit the disclosure of any Confidential information. If the party on whom a subpoena or other Court-issued demand has been served receives notice that the producing or designating party or third party objects to the disclosure of Confidential Information and has filed a motion seeking to preclude or limit such disclosure, no disclosure shall be made unless and until an order of court resolving the motion and permitting disclosure is entered and the completion of a writ review, if any, or expiration of the time within which a party or third party might seek such relief.

14. If any party seeks to file or lodge with the Court any documents or things that contain Discovery Material designated as Confidential, such Discovery Material shall be submitted to the Court in accordance with the procedures for filing documents under seal. The party filing an application to file documents under seal shall indicate to the Clerk of the Court that all or a designated portion of the document or documents is or are subject to this Protective Order and requested to be kept under seal.

15. In the event that any Confidential Information is used in any court proceeding in connection with this litigation, it shall not lose its protected status under this Protective Order through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such proceedings.

16. This Stipulation is without prejudice to the right of any party to bring before the Court the question of whether any particular information is within the scope of permissible discovery or admissible and all such rights are expressly reserved.

17. Within sixty (60) days after the termination of litigation between the Parties (including exhaustion of appeals), each Party shall either (1) return all Confidential Information to the party that produced it, or (2) destroy the Confidential Information and provide to the Party that produced it a statement under penalty of perjury certifying that the Confidential Information has been destroyed. However, notwithstanding the foregoing, outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties (including documents produced by any Party) solely for reference in the event of, and only in the event of, (i) further proceedings or litigation between the Parties, or (ii) a dispute over the use or dissemination of Confidential Information subject to the terms of this Protective Order. The copy of pleadings and papers retained by outside counsel shall be maintained in a file accessible only by outside counsel bound by this Protective Order. This Order shall survive the final termination of this litigation with respect to any such retained Confidential Information.

18. The terms of this Stipulation survive the termination of the action. The parties, moreover, will observe and adhere to this Stipulation starting immediately and while it is under consideration by the Court. Notwithstanding whether this Stipulation becomes an order of the Court, or is modified by the Court, the parties hereto agree to be bound by the terms of this Stipulation.

19. This Protective Order may be amended by agreement of the parties and approval of the Court. Any party may, on motion and for good cause shown, apply to the Court for modification of this Protective Order.

**IT IS SO STIPULATED.**

DATED: November 22, 2013

**O'MELVENY & MYERS LLP**

By: /s/ Matthew T. Kline
Matthew T. Kline

**ATTORNEYS FOR WARNER DEFENDANTS**

DATED: November 22, 2013

**THE LAW OFFICES OF GERARD FOX, INC.**

By: [signature]
Gerard Fox

**ATTORNEYS FOR PLAINTIFFS RYAN BOOKS AND GOLD GLOVE PRODUCTIONS, LLC**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

**BY STIPULATION AND ORDER THEREON**

The undersigned acknowledges that he/she may be provided with documents or other information covered by the Stipulation between the parties and Order thereon in the action entitled *Gold Glove Productions, LLC v. Handfield, et al.*, C.D. Cal. Case No. CV13-07247. The undersigned further acknowledges and agrees that he/she has been provided with a copy of the Stipulation and Order thereon, and that he/she will be bound by the terms of that Stipulation and Order thereon, as a condition of access to documents or other information covered by the Stipulation and Order thereon.

DATED: ____________________ ______________________________
Print Name

______________________________
Signature

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is: Law Offices of Gerard Fox, Inc., 1880 Century Park East, Suite 600, Los Angeles, CA 90067.

On November 22, 2013, I served the following document entitled **STIPULATION RE: PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON** on the person(s) listed in the attached Service List. The documents were served by the following means:

| | |
|---|---|
| ☒ | **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collections and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business. |
| ☐ | **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid. |
| ☐ | **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid. |
| ☐ | **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list. |
| ☐ | **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express of delivered to a Federal Express courier, at Los Angeles, California. |
| ☐ | **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list. |
| ☐ | **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error. |

I declare under penalty of perjury that the foregoing is true and correct.
Executed on November 22, 2013

Cindy Hamilton

**Service List**

| | |
|---|---|
| Joseph P. Costa<br>Costa Abrams & Coate LLP<br>1221 2nd Street<br>Third Floor<br>Santa Monica, California 90401 | Attorney for The Gersh Agency and Jay Cohen |
| Bryan Joel Freedman/ Jesse Kaplan<br>Freedman & Taitelman, LLP<br>1901 Avenue of the stars, Ste. 500<br>Los Angeles, CA 90067 | Attorneys for United Talent Agency and Charles Ferraro |
| Matthew Kline/ Ashley Pearson<br>O'Melveny & Myers LLP<br>1999 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067 | Attorneys for Warner Bros. Pictures Inc., Malpaso Productions, Ltd., Warner Bros. Distributing Inc., Warner Bros. Home Entertainment Inc., Warner Bros. Domestic Television Distribution, Inc., TW UK Holdings, Inc., Robert Lorenz, Michele Weisler, and Randy Brown |
| Dale Robert Dela Torre/ Colby Petersen<br>Jacobson, Russell, Saltz, Nassim& De La Torre<br>10866 Wilshire Blvd Ste 1550<br>Los Angeles, CA 90024 | Attorneys for Don Handfield and Tressa Difiglia Handfield |