LAW OFFICES OF GERARD FOX, INC.
GERARD P. FOX (SBN 151649)
gfox@gpfoxlaw.com
JEFFREY Z. LIU (SBN 276849)
jliu@gpfoxlaw.com
1880 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone:  (310) 441-0500
Facsimile:  (310) 441-4447

Attorneys for Plaintiffs Gold Glove Productions, LLC and Ryan A. Brooks

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD GLOVE PRODUCTIONS, LLC, a California Limited Liability Company and RYAN A. BROOKS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DON HANDFIELD, an individual, TRESSA DIFIGLIA HANDFIELD, an individual, RANDY BROWN, an individual, MICHELE WEISLER, an individual, CHARLES FERRARO, an individual, JAY COHEN, an individual, ROBERT LORENZ, an individual, UNITED TALENT AGENCY, INC., a California corporation, THE GERSH AGENCY, a California corporation, WARNER BROS. PICTURES INC., a Delaware corporation, MALPASO PRODUCTIONS, LTD., a California corporation, WARNER BROS. DISTRIBUTING INC., a Delaware corporation, WARNER BROS. HOME ENTERTAINMENT INC., a Delaware corporation, WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION INC., a Delaware corporation, TW UK HOLDINGS INC., a Delaware corporation, and DOES 1-10, inclusive | Case No.  CV13-07247-DSF (RZx)<br><br>**PLAINTIFFS' REPLY TO UTA DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SUPPORTING DECLARATIONS**<br><br>FILED HEREWITH: DECLARATION OF GERARD FOX<br><br>The Hon. Dale S. Fischer<br><br>DATE:             March 3, 2014<br>TIME:             1:30 p.m.<br>COURTROOM:   840 |

Defendants.

## I. Summary of Argument

Plaintiffs' counsel made defense counsel aware of its objections to the declarations at issue. The objections stated are precise, unlike the opposition brief which is full of rhetoric but short on a discussion of the rules of evidence. As noted in the objections, the declarations are full of rank hearsay and speculation and none authenticate the scripts, which are themselves a hornets' nest of mostly undated, copies from over a quarter century or so ago.

## II. Plaintiffs' Objections to the Defense Declarations Follow Proper Form

Plaintiffs and defense counsel have communicated in emails, and carefully since defense counsel started sending such emails to the press. After one such exchange, a call was received by Defendants' counsel from a New York Times writer. *See* Exhibit T to Declaration of Gerard Fox ("Fox Decl."). That said, Plaintiffs' counsel has made clear that the declarations are inadmissible. *See* Exhibit U to Fox Decl.

Plaintiffs objections are specific because they need be under the law, and call out the hearsay and hearsay within hearsay throughout these declarations. The form of an evidentiary objection must be specific, and these are. Fed. R. Civ. P. 56(c), *Allen v. Scribner*, 812 F.2d 426, 435 n.18 (9th Cir.), *amended*, 828 F.2d 1445 (9th Cir. 1987).

## III. Declarants Do Not Properly Authenticate any Script: Nor Can They

Randy Brown attaches scripts, each undated, lettered by someone as A-J. DN 54-1. He could not in his deposition state whether A was the first in order. DN 146 at 116-119. He testified these came off of floppy discs. But while he provides ten, there are actually at least seventeen and these come off of questioned floppy discs, that have serious admissibility issues attached setting aside defense counsel's misleading and baseless objections to forensic reports. Since the undated scripts offered by Mr. Brown do not match in number those undated ones on the questioned floppy discs, no one can and has properly authenticated any.

Mr. Cooper, Mr. Brown's expert has tried to date a select few, but he did not write or create any of these, and why -- the Court might ask -- is a forensic expert providing the dates of creation and not Mr. Brown himself?

Mr. Brown stated that the September 1997 script included his friend's Dan's and Pat's notes and it is indicated by Bill Sheinberg, in his declaration, that this September 1997 draft was given to Ms. Gadsby. DN 56 at 4-5. This is impossible as the floppy disc folders and files evidence the Dan and Pat notes versions were supposedly created after Ms. Gadsby received what is called both the September 1997 script and Exhibit A to the Sheinberg declaration. DN 130 at 11. Also, the September 1997 script has no specific date, it's just dated "September," making it impossible to match with anything given anyone that month. Most importantly, Mr. Brown testified in detail in his declaration that the September 1997 draft that was the first given to Mr. Sheinberg included the Rosenblatt's scene that is very much in contention as to the source of creation. When one reads Mr. Sheinberg's declaration and looks to the September 1997 script (Exhibit A to that declaration), DN 56-1 at 15, that is supposed to have that scene if all the declarations are truthful: it's not there. This makes it impossible to determine what script, if any, was given to Ms. Gadsby or read by Mr. Sheinberg, and calls all the declarations into question.

The Bubble Factory and Cosmic Entertainment scripts are not in original form, include no handwritten notations, cannot be matched with the floppy disc versions with any certainty, and have scenes in them that could not have been written at the times associated with each. *See* Exhibit V to Fox Decl.; DN 56-1 at 15, DN 130 at 11; DN 66-4; DN 66-5.

None of these scripts were registered anywhere, even by attorney Marcy Morris, a dear friend to Neal Landau, who would be liable for not registering a script her client was optioning, and passing around town.

Ms. Gadsby claims she did coverage on a script but if you read her declaration closely, it does not authenticate any specific script, and cannot, because she mentions a character that does not exist in any of the scripts and is off in terms of describing most of the scripts that come off the suspect floppy discs with dates of creation for that time. DN 122-5 at 266-269. As noted, she was working for Oliver Stone's competing production company at the time, and a public website says she was in Vancouver and Prague a great deal during that time period. *See* Exhibit W to Fox Decl.  She does not offer these facts.  Instead she incorrectly depicts herself as a regular coverage writer for The Bubble Factory.

To authenticate a document you must have firsthand knowledge of a specific document's actual manner of creation and existence, in its entirety, and not just parrot back words written and suggested by lawyers.  (All the declarations read the same.)  The evidence presented in support of or in opposition to a motion for summary judgment must be based on personal knowledge, properly authenticated and admissible under the Federal Rules of Evidence. Fed. R. Civ. P. 56(e). "The requirement of authentication ... as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Civ. P. 901(a).  Evidence that is not properly authenticated will not be considered by the court when reviewing a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir.2002). *See also Salkin v. United Servs. Auto. Ass'n*, 835 F.Supp.2d 825, 828 (C.D.Cal.2011) (Court held that the authenticating witness must have personal knowledge that the document is what it purports to be because he wrote it, signed it, used it, or saw others do so); *Townsend v. Bannister* 2011 WL 7031091 (D. Nev. Dec 6, 20011) (Court held that Defendants' failure to rely on authenticated evidence caused the Defendants to fail to meet their burden of proving that no genuine issue of material fact existed for summary judgment).

///

## IV. <u>CONCLUSION</u>

For all the reasons stated herein and in the very specific set of objections and motion to strike, these declarations should be stricken under the Federal Rules of Evidence.

LAW OFFICES OF GERARD FOX, INC.

Date: February 17, 2014

_____
GERARD P. FOX
Attorney for Plaintiffs Gold Glove
Productions, LLC and Ryan A. Brooks

Case 2:13-cv-07247-DSF-RZ   Document 212   Filed 02/18/14   Page 7 of 8   Page ID #:20106

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is: Law Offices of Gerard Fox, Inc., 1880 Century Park East, Suite 600, Los Angeles, CA 90067.

On February 18, 2014, I served the following documents entitled:

**PLAINTIFFS' REPLY TO UTA DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SUPPORTING DECLARATIONS**

on the person(s) listed in the attached Service List. The documents were served by the following means:

- ☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collections and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.
- ☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.
- ☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.
- ☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.
- ☐ **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express of delivered to a Federal Express courier, at Los Angeles, California.
- ☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.
- ☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.
- ☒ **By CM/ECF Electronic Service:** I caused such document to be served via the Court's (NEF) electronic filing system on all registered parties.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 18, 2014

_____
Cindy Hamilton

PROOF OF SERVICE

# Service List

| | |
|---|---|
| Joseph P. Costa<br>Costa Abrams & Coate LLP<br>1221 2nd Street<br>Third Floor<br>Santa Monica, California 90401<br>Fax: 310 576-6160 | Attorney for The Gersh Agency and Jay Cohen |
| Bryan Joel Freedman/ Jesse Kaplan<br>Freedman & Taitelman, LLP<br>1901 Avenue of the stars, Ste. 500<br>Los Angeles, CA 90067<br>Fax: (310) 201-0045 | Attorneys for United Talent Agency and Charles Ferraro |
| Matthew Kline/ Ashley Pearson<br>O'Melveny & Myers LLP<br>1999 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067<br>Fax: (310) 246-6779 | Attorneys for Warner Bros. Pictures Inc., Malpaso Productions, Ltd., Warner Bros. Distributing Inc., Warner Bros. Home Entertainment Inc., Warner Bros. Domestic Television Distribution, Inc., TW UK Holdings, Inc., Robert Lorenz, Michele Weisler, and Randy Brown |
| Michael Saltz/ Colby Petersen<br>Jacobson, Russell, Saltz, Nassim & De La Torre<br>10866 Wilshire Blvd Ste 1550<br>Los Angeles, CA 90024<br>Fax: (310) 446-9909 | Attorneys for Don Handfield and Tressa Difiglia Handfield |