LAW OFFICES OF GERARD FOX, INC.
GERARD P. FOX (SBN 151649)
gfox@gpfoxlaw.com
SARAH J. PETERSON (SBN 243299)
speterson@gpfoxlaw.com
JEFFREY Z. LIU (SBN 276849)
jliu@gpfoxlaw.com
1880 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447

Attorneys for Plaintiffs Gold Glove Productions, LLC and Ryan A. Brooks

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD GLOVE PRODUCTIONS, LLC, a California Limited Liability Company and RYAN A. BROOKS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DON HANDFIELD, an individual, TRESSA DIFIGLIA HANDFIELD, an individual, RANDY BROWN, an individual, MICHELE WEISLER, an individual, CHARLES FERRARO, an individual, JAY COHEN, an individual, ROBERT LORENZ, an individual, UNITED TALENT AGENCY, INC., a California corporation, THE GERSH AGENCY, a California corporation, WARNER BROS. PICTURES INC., a Delaware corporation, MALPASO PRODUCTIONS, LTD., a California corporation, WARNER BROS. DISTRIBUTING INC., a Delaware corporation, WARNER BROS. HOME ENTERTAINMENT INC., a Delaware corporation, WARNER BROS. DOMESTIC TELEVISION DISTRIBUTION INC., a Delaware corporation, TW UK HOLDINGS INC., a Delaware corporation, and DOES 1-10, inclusive<br><br>Defendants. | Case No. CV13-07247-DSF (RZx)<br><br>**PLAINTIFFS' OPPOSITION TO WARNER DEFENDANTS' APPLICATION TO THE CLERK TO TAX COSTS**<br><br>DECLARATION OF GERARD P. FOX IN SUPPORT THEREOF<br><br>The Hon. Dale S. Fischer<br><br>DATE:          May 21, 2014<br>TIME:          10:00 a.m.<br>COURTROOM:  Telephonic |

PLAINTIFFS' OPPOSITION TO WARNER DEFENDANTS' APPLICATION TO TAX COSTS

## I. INTRODUCTION

The Warner Defendants have applied for costs based on the limited ruling that *Trouble with the Curve* and *Omaha* are not substantially similar. The Court entered a Memorandum of Ruling on February 24, 2014 ("Ruling") and Entry of Judgment ("Judgment") on April 16, 2014 only as to the substantial similarity of the two works at issue. DN 218, 244. The Court specifically articulated in the Ruling and Judgment that the Court's ruling was based only on the issue of substantial similarity and did not decide the merits of any other argument advanced by the parties. *Id.* The Court did not address whether the earlier scripts for *Trouble with the Curve* were created prior to *Omaha* ("prior creation issue" or "prior creation defense") and expressed that further discovery was required regarding the prior creation issue. DN 218 at 9-10. The Court left remaining in the case all claims except for the federal copyright causes of action, and nine causes of action, including the prior creation issue and the independent state law causes of action remained in the case before Plaintiffs voluntarily dismissed the remaining action. Thus, according to the Court's Ruling and Entry of Judgment, the Warner Defendants were not the prevailing parties on any of the causes of action, except for substantial similarity.

Despite the Court's Ruling and Judgment, many of the costs submitted by the Warner Defendants relate to issues not decided by the Court and upon which they did not prevail. Since the Warner Defendants were not the prevailing parties on the prior creation issue, it is improper for the Warner Defendants to claim costs related to their prior creation defense. In the total amount that the Warner Defendants have applied to tax costs, $6,230.25 relate directly and only to costs expended on their prior creation defense. They should not receive reimbursement for this amount.

Moreover, the Warner Defendants should not be allowed any of their costs on account of their over the top and unnecessary piling on of costs during the

1

PLAINTIFFS' OPPOSITION TO WARNER DEFENDANTS' APPLICATION TO TAX COSTS

litigation of this case. Specifically, the Warner Defendants filed a motion for summary judgment based upon the prior creation issue and insisted on taking numerous depositions of experts solely for their prior creation defense despite the premature nature of this discovery in their effort to expend excessive and unnecessary costs for which they intended on seeking reimbursement for their fees and costs, as they do now with their Application to tax costs. The Warner Defendants should not be rewarded for unnecessary costs that could have waited.

Therefore, the Warner Defendants' Application to the Clerk to Tax Costs should be denied in its entirety.

## II. LEGAL ARGUMENT

### A. The Warner Defendants Should Not Be Reimbursed For Their Improper Costs

The Warner Defendants may not be awarded costs related to claims for which they were not the prevailing parties. Under Local Rule 54-1, no costs are allowed unless a party qualifies as the prevailing party. Only when a party is the prevailing party is that party allowed as taxable costs, costs incurred in connection with service of subpoenas and taking oral depositions under Local Rule 54-3.2 and Local Rule 54-3.5.

Here, the Warner Defendants attempt to recover the entirety of their subpoena, deposition, and witness costs even as to experts who were retained and gave testimony only as to the Warner Defendants' defense of prior creation on which issue they did not prevail. The Warner Defendants are not entitled to any costs expended on any claims other than substantial similarity and particularly not on their premature defense of prior creation on which they were not the prevailing parties. The Court's Ruling only addressed and ruled on substantial similarity. *See* DN 218. The Court specifically expressed that the Warner Defendants' motion for summary judgment based upon their prior creation defense required additional discovery. DN 218 at 9-10. Accordingly, the Warner Defendants' did

not prevail on their prior creation defense and should not be reimbursed for costs associated with their prior creation defense.

It is likely that the Warner Defendants will claim that they may seek costs arising from work done on Plaintiffs' three copyright claims – i.e. work related to their substantial similarity defense, and all "related claims," and that all of the other causes of action in the case were "related claims." This argument is not persuasive because the Warner Defendants' prior creation defense is not at all related to their defense of substantial similarity.

To be related, two claims must either "involve a common core of facts" or there must be a "singly legal theory" to support both claims. *Mattel, Inc. v. MGA Entm't, Inc.*, CV 04-9049 DOC RNBX, 2011 WL 3420603 (C.D. Cal. Aug. 4, 2011) *aff'd sub nom. Mattel, Inc v. MGA Entm't, Inc.*, 705 F.3d 1108 (9th Cir. 2013). The Warner Defendants' defenses of substantial similarity and prior creation do not involve a common core of facts and are not supported by a single legal theory.

Logically, the issues of substantial similarity and prior creation differ greatly and easily can be separated as distinct. Substantial similarity required a comparison of the two contested works and the opinion of experts in film analysis and plot progression. Prior creation involved facts regarding whether Randy Brown independently created *Trouble with the Curve* prior to and independent of Plaintiffs' work and required the retention of forensics experts to test only the infringing work to show that it could not have been drafted when Defendants claimed. Defendants presented floppy discs, computer files, and testimony of people who had allegedly seen the draft screenplay. Separate experts had to be retained for substantial similarity issue, and Defendants could not even find one such expert to opine a lack of substantial similarity and used only a declaration of *its own attorney*. *See* DN 268-1 at ¶ 11.

Despite the Court's Ruling, many of the costs included for the subpoenas,

depositions and witness fees are for experts who provided testimony for the Warner Defendants' prior creation defense, on which issue the Warner Defendants did not prevail. Larry Stewart, Gerald La Porte, and Trevor Reschke all were experts who provided opinions regarding the issue of prior creation, and are thus improperly included in the Warner Defendants' bill of costs. The costs included in the Warner Defendants' bill of costs for these three prior creation experts amount to $6,230.25. Since the Warner Defendants' costs related to experts Larry Stewart, Gerald La Porte, and Trevor Reschke are improper, the Warner Defendants' application to tax costs should not be approved for the amount of $6,230.25 in their bill of costs that is related to experts.

### B. The Court Should Exercise Discretion And Deny Costs

Pursuant to Federal Rules of Civil Procedure Rule 54, the Court has discretion to deny costs. The Court's allowance to the Warner Defendants the recovery of their costs of suit pursuant to a bill of costs filed in accordance with 28 U.S.C. §1920 (DN 245) rested on the Court's limited ruling of substantial similarity. The Court should exercise discretion in refusing to award the Warner Defendants their stated bill of costs in in large part on account of the Warner Defendants' piling on and pushing all defenses forward instead of waiting on some as requested by the Plaintiffs and specifically including costs related to their prior creation defense for which the Warner Defendants know they are not the prevailing parties.

The Warner Defendants ran costs up for everyone in this litigation by engaging in scorched earth tactics all in an effort to increase their fees and costs. Defendants could have, but did not originally file a motion for summary judgment based upon substantial similarity. Instead, the Warner Defendants filed a motion for summary judgment based upon the prior creation issue and insisted on taking numerous depositions of experts solely for their prior creation defense despite the premature nature of this discovery in their effort to expend excessive and

unnecessary costs for which they intended on seeking reimbursement. *See* Ex. 5.

In furtherance of their strategy to inflate their fees and costs, the Warner Defendants aggressively pushed for an abbreviated summary judgment schedule with which to advance their prior creation defense despite the premature nature of the prior creation issue, on which they did not prevail. This type of litigation strategy is not only distasteful and wasteful to the principles of judicial economy, it caused unnecessary expenditures.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Warner Defendants' Application to the Clerk to Tax Costs be denied in its entirety, or that the Warner Defendants obtain an amount no more than $13,658.70 to award only those costs that related to the prosecution of the claims on which they prevailed.

Respectfully submitted,

Date: May 14, 2014                              LAW OFFICES OF GERARD FOX, INC.


_____/s/_____
GERARD P. FOX
Attorney for Plaintiffs Gold Glove
Productions, LLC and Ryan A. Brooks

**EXHIBIT "1"**



# O'MELVENY & MYERS LLP

BEIJING  
BRUSSELS  
HONG KONG  
LONDON  
LOS ANGELES  
NEWPORT BEACH  
NEW YORK  

1999 Avenue of the Stars, 7th Floor  
Los Angeles, California  90067-6035  

TELEPHONE  (310) 553-6700  
FACSIMILE  (310) 246-6779  
www.omm.com  

SAN FRANCISCO  
SHANGHAI  
SILICON VALLEY  
SINGAPORE  
TOKYO  
WASHINGTON, D.C.  

January 21, 2014

WRITER'S DIRECT DIAL  
(310) 246-6840

**VIA EMAIL**

WRITER'S E-MAIL ADDRESS  
mkline@omm.com

Gerard Fox, Esq.
Jeffrey Liu, Esq.
Erika Morris, Esq.
Law Offices of Gerard P. Fox
1800 Century Park East, Suite 600
Los Angeles, CA  90067

Re:   *Gold Glove Productions, LLC v. Handfield et al.*, **Case No. CV13-07247 DSF**

Dear Counsel:

We hereby respond to Ms. Morris' letter of January 17 and Mr. Lui's letter of January 20:

1.  After observing *nine* days of testing that your putative forensic experts (Larry Stewart and Gerald LaPorte) performed on one of Randy Brown's *TWTC* scripts, his two *TWTC* notebooks, and the faxed discussion points he received on *TWTC* in 1997 (copies of which we produced to you on December 18, 2013, at Bates numbers RB000001-171), Mr. Speckin saw no irregularities in any of these documents, and all indications are that they are authentic.

This comes as no surprise given the testimony of percipient witnesses like Bill Sheinberg, Marcy Morris, Neil Landau, Gerard Bocaccio, Jay Cohen, and Carrie Gadsby, all of which date *TWTC*'s creation to the 1990s, as do many other documents and sources of evidence.  As we advised you from the beginning, the involvement of your two alleged forensic experts—like the other six experts plaintiffs hired—was wasteful and unnecessary given the extensive, undisputed evidence of prior creation, and the complete lack legally cognizable similarity between *TWTC* and *Omaha*.

Based on Mr. Speckin's observations, we assume your experts have told you the same, and we see no grounds for submission of any further forensic reports by either side in the case.  If it is your position that Mr. Stewart or Mr. LaPorte found anything different, please let us know immediately.  Indeed, you told our co-defense counsel, Joe Costa, that you would report any forensic findings weeks ago, but we have yet to hear anything from plaintiffs.

2.  If either of your forensic experts makes any claims or submits a report opining that Mr. Brown's documents are in any way inauthentic, we intend to depose both men, and reserve the right to do so prior to filing our reply briefs due in February.  If any of your other experts—

1

O'MELVENY & MYERS LLP
January 21, 2014  - Page 2

Richard Walter, Sheril Antonio, David Yerkes, and Trevor Reschke—submit additional reports, we intend to depose them as well, and reserve all rights to do so based on your summary judgment opposition papers due Monday, as well as any related or subsequent filings.  Please inform us immediately whether you plan to file any additional expert reports with your forthcoming briefing so that we may schedule accordingly.

      3.  Your objection to our deposition notices and subpoenas based on Rule 26's timing requirements ring hollow.  Your clients have been conducting discovery in this case for months.  We noticed expert depositions between the filing deadlines of your opposition papers and when our reply briefs are due—the obvious and most logical time to take such depositions.  While you suggest some of your experts may have scheduling conflicts, you have not provided *any* details about *any* specific conflict to date, and we intend to proceed on the dates noticed absent a real and significant conflict.

      4.  You continue to insist on deposing Michele Weisler, but you still yet to provide even one concrete example of the purported relevance of her testimony.  Unlike your experts, Ms. Weisler has not submitted any testimony to the Court or injected herself into these proceedings in any way.  Nor have you answered our very basic questions about why her testimony would be relevant to the matters now before the Court.

      5.  Again, we urge your law firm and your clients to dismiss this lawsuit with prejudice and without delay.  Our clients intend to seek all of their fees and costs in defending against this action, and we urge you to bring these proceedings to an end.

                                     All rights reserved,

                                     /s/ Matthew T. Kline

                                   Matthew T. Kline
                                   of O'MELVENY & MYERS LLP

cc:  Counsel for Co-Defendants

OMM_US:72065556

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is: Law Offices of Gerard Fox, Inc., 1880 Century Park East, Suite 600, Los Angeles, CA 90067.

On May 14, 2014, I served the following documents entitled:

**PLAINTIFFS' OPPOSITION TO WARNER DEFENDANTS' APPLICATION TO THE CLERK TO TAX COSTS**

on the person(s) listed in the attached Service List. The documents were served by the following means:

| | |
|---|---|
| ☐ | **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collections and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business. |
| ☐ | **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid. |
| ☐ | **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid. |
| ☐ | **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list. |
| ☐ | **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express of delivered to a Federal Express courier, at Los Angeles, California. |
| ☐ | **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list. |
| ☐ | **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error. |
| ☒ | **By CM/ECF Electronic Service:** I caused such document to be served via the Court's (NEF) electronic filing system on all registered parties. |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 14, 2014

_____
Marjory T. Dingwall

## Service List

| | |
|---|---|
| Joseph P. Costa<br>Costa Abrams & Coate LLP<br>1221 2nd Street<br>Third Floor<br>Santa Monica, California 90401<br>Fax: 310 576-6160 | Attorney for The Gersh Agency and Jay Cohen |
| Bryan Joel Freedman/ Jesse Kaplan<br>Freedman & Taitelman, LLP<br>1901 Avenue of the stars, Ste. 500<br>Los Angeles, CA 90067<br>Fax: (310) 201-0045 | Attorneys for United Talent Agency and Charles Ferraro |
| Matthew Kline/ Ashley Pearson<br>O'Melveny & Myers LLP<br>1999 Avenue of the Stars, 7th Floor<br>Los Angeles, California  90067<br>Fax: (310) 246-6779 | Attorneys for Warner Bros. Pictures Inc., Malpaso Productions, Ltd., Warner Bros. Distributing Inc., Warner Bros. Home Entertainment Inc., Warner Bros. Domestic Television Distribution, Inc., TW UK Holdings, Inc., Robert Lorenz, Michele Weisler, and Randy Brown |
| Michael Saltz/ Colby Petersen<br>Jacobson, Russell, Saltz, Nassim& De La Torre<br>10866 Wilshire Blvd Ste 1550<br>Los Angeles, CA 90024<br>Fax: (310) 446-9909 | Attorneys for Don Handfield and Tressa Difiglia Handfield |